*Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Loumena's action because it is a "forbidden de facto appeal" of a state court order denying Loumena's request for relief from restrictions on his ability to live with his mother and raises constitutional claims that are inextricably intertwined with that state court order. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (the *Rooker-Feldman* doctrine bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision).

The district court did not abuse its discretion in denying Loumena's motion for recusal because Loumena failed to establish any ground for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

**Max LOUMENA, Plaintiff-Appellant,**

v.

**Leslie NICHOLS; Walter P. Hammon, Defendants-Appellees.**

**No. 16-15296**

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *

Filed November 23, 2016

Max Loumena, Pro se, Los Osos, CA, for Plaintiff-Appellant.

Michael L. Fox, Sean Patterson, Sedgwick LLP, San Francisco, CA, for Defendant-Appellee Leslie Nichols.

Bruce Douglas MacLeod, Ellyn Nesbit, Willoughby, Stuart & Bening, San Jose, CA, for Defendant-Appellee Walter P. Hammon.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

MEMORANDUM **

Max Loumena appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from his parents' state court divorce proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-*

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Loumena's action because it is a "forbidden de facto appeal" of a state court order denying Loumena's request for relief from restrictions on his ability to live with his mother and raises constitutional claims that are inextricably intertwined with that state court order. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (the *Rooker-Feldman* doctrine bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision).

The district court did not abuse its discretion in denying Loumena's motion for recusal because Loumena failed to establish any ground for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**Sean HARTFIELD, Plaintiff-Appellant,**

**v.**

**OREGON STATE BAR; Does, 1-10, Defendants-Appellees.**

**No. 16-35116**

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *

Filed November 23, 2016

Sean Hartfield, Hartfield Law Offices PC, Portland, OR, for Plaintiff-Appellant.

Amber Autumn Hollister, Deputy General Counsel, Oregon State Bar, Tigard, OR, for Defendants-Appellees.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

MEMORANDUM **

Sean Hartfield appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a Fourteenth Amendment claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of an action as barred by the statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Hartfield's action because it is barred by the applicable statute of limitations. Although Hartfield maintains that he should have been given leave to amend with regard to the statute of limitations issue, he

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.